Ira Levine, Respondent,
against
George C. Vlachos & Associates, PLLC, Appellant.




Michael E. McCarthy of counsel, for appellant.
Law Offices of Frank N. Napoli, P.C. (Frank N. Napoli of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, Fifth District (Vincent J. Martorana, J.), dated September 13, 2017. The order denied defendant's motion to dismiss the complaint.




ORDERED that the order is affirmed, without costs.
Pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) part 137, plaintiff filed for arbitration of a fee dispute with defendant law firm, following which an award was rendered on February 8, 2017 in favor of defendant. Plaintiff then sought de novo review of the merits of the fee dispute (see Rules of Chief Admin of Cts [22 NYCRR] § 137.8) by commencing this action. Defendant moved, pre-answer, to dismiss the complaint on the ground that plaintiff had not participated in the arbitration hearing and, pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) § 137.8 (b), "[a]ny party who fails to participate in the hearing shall not be entitled to seek de novo review absent good cause for such failure to participate." Defendant asserted that plaintiff had not been present at the hearing but, instead, had provided testimony by telephone, which testimony the arbitration committee had ruled was "tainted" because it had been prompted by another party in the room with plaintiff. As a result, defendant contended that, in effect, plaintiff had failed to participate in the arbitration hearing. Plaintiff opposed the motion, arguing that he had participated in the hearing by giving sworn testimony by telephone and because his attorney was present at the hearing, submitted evidence on his behalf, and had a witness prepared to testify at the arbitration hearing but was precluded from doing so after the arbitration committee had found that plaintiff's testimony by telephone was tainted. The District Court denied the motion.
"Fail[ure] to participate" under Rules of the Chief Administrator of the Courts (22 NYCRR) § 137.8 (b) means failure to appear at the hearing, either in person or by counsel, as well as a party's appearance by counsel who otherwise refuses to participate in the hearing (see Richard Morgan DO, P.C. v Progressive Northeastern Ins. Co., 30 Misc 3d 133[A], 2011 NY Slip Op 50079[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]). Here, plaintiff, who was disabled, participated in the arbitration hearing by telephone, plaintiff's attorney physically appeared on plaintiff's behalf with a witness who was prepared to testify, and the attorney submitted records to the arbitration committee to prove that defendant had received payments in excess of the amount it had billed plaintiff (see Rules of Chief Admin of Cts [22 NYCRR] § 137.6 [I]).
Accordingly, the order is affirmed.
ADAMS, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 07, 2019